UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRITTNEY SCHMITZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　Defendant. | 4:25-cv-__4202____<br><br><br>**COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiff Brittney Schmitz, by and through her counsel of record, and for her causes of action against the Defendant, does hereby state and allege as follows:

### NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff Brittney Schmitz ("Plaintiff") against Defendant State Farm Mutual Automobile Insurance Company ("Defendant"). Plaintiff Brittney Schmitz ("Ms. Schmitz") was injured by an uninsured driver in an automobile collision that occurred on February 15, 2024. She seeks to be made whole pursuant to the benefits available to her as an insured under her insurance policy with the Defendant. The Plaintiff also seeks to hold the Defendant accountable for its bad faith handling of her claims.

### PARTIES

1.　　Plaintiff Brittney Schmitz is a citizen of the State of South Dakota and a resident of Sioux Falls, Minnehaha County, South Dakota.

1

2. Upon information and belief, Defendant State Farm Mutual Automobile Insurance Company is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

5. During the relevant dates in this matter, the Defendant provided insurance coverage to the Plaintiff under Policy Number 069 7520-D04-41, which included uninsured motorist coverage with limits of $100,000/$300,000 (the "Policy").

6. The Policy was fully paid, effective and in force during the relevant dates in this matter.

7. On February 15, 2024, while the Policy was in force, Ms. Schmitz was injured by an uninsured drunk driver in an automobile collision in Sioux Falls, South Dakota.

8. At the time of the collision, Ms. Schmitz was driving a vehicle owned by Sara Risner, who was a passenger in the vehicle, and the vehicle was insured by CSAA General Insurance Company.

9. The collision and Ms. Schmitz's resulting injuries and other damages were the fault of Tyler Jones. The collision between Mr. Jones and Ms. Schmitz was solely and proximately caused by Mr. Jones's negligence.

10. As a result of the collision, Ms. Schmitz sustained, among other damages, injuries to her neck, back, shoulders, hip & right wrist, along with severe headaches.

11. As a result of the collision, Ms. Schmitz has incurred and will continue to incur significant damages, including past and future medical expenses, lost wages, prejudgment interest, past and future pain and suffering, past and future loss of enjoyment of life, mental anguish, and disability.

12. Mr. Jones and the vehicle that he was driving were uninsured.

13. On April 5, 2024, Ms. Schmitz sent State Farm a letter that provided, "We are putting you on notice of a medical payment claim and potential *uninsured motorist claim* relative to" the February 15, 2024 motor vehicle collision. (Emphasis added.)

14. For the following months, Ms. Schmitz and State Farm sent regular communications back and forth regarding her uninsured motorist claim and medical payment benefits, including a letter sent by State Farm on December 13, 2024, which confirmed that Ms. Schmitz had a pending *uninsured* motorist claim.

15. Because Ms. Schmitz was a passenger in a vehicle that was insured by CSAA, she first made an uninsured motorist claim on CSAA for the policy's limits of $100,000/$300,00.

16. CSAA promptly tendered the uninsured motorist policy limits of $100,000 to Ms. Schmitz.

17. Prior to accepting this amount, Ms. Schmitz put State Farm on notice of the *uninsured* motorist settlement and requested that it waive any subrogation interest in the claim.

18. On August 6, 2025, State Farm sent a letter consenting to the settlement and waiving any subrogation interest it held in the settlement.

19. On October 8, 2025, Ms. Schmitz then proceeded to make an uninsured motorist demand on State Farm for her remaining policy benefits of $100,000.

20. The demand laid out in great detail how her damages exceeded the $100,000 amount tendered by CSAA.

21. State Farm responded on October 9, 2025 and denied her claim.

22. In the letter, State Farm erroneously stated that Ms. Schmitz was making a claim for *underinsured* motorist benefits and proceeded to deny her claim without further explanation or investigation.

23. Defendant was repeatedly notified by Ms. Schmitz that she was making an uninsured motorist claim.

24. Defendant had information in its possession confirming that the motorist was an uninsured drunk driver, including but not limited to, the accident report, numerous communications from Ms. Schmitz and the October 8, 2025 demand.

25. Defendant failed to train its employees on South Dakota law and failed to investigate Ms. Schmitz's claim.

26. Defendant wrongfully refused and still refuses payment of the remaining uninsured motorist benefits which is a direct violation of SDCL 58-33-67.

## COUNT ONE
## Breach of Contract

27. Plaintiff hereby realleges all the previous paragraphs and incorporates them as though fully set forth herein.

28. By virtue of its Policy of insurance in effect, on February 15, 2024, and the Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay the Plaintiff's insurance benefits as a result of the automobile collision caused by the uninsured driver that occurred on February 15, 2024.

29. The Defendant breached its duty to pay the Plaintiff's insurance benefits pursuant to the Policy.

30. Plaintiff has been damaged in an amount due and owing under the contract of insurance.

31. Defendant's refusal to pay benefits was vexatious and without reasonable cause, and Plaintiff is entitled to attorneys' fees pursuant to SDCL 58-12-3.

## COUNT TWO
## Bad Faith

32. Plaintiff hereby realleges all the previous paragraphs and incorporates them as though fully set forth herein.

33. Because the Policy constituted a contract of insurance between Defendant and Plaintiff, there existed implied covenants of good faith and fair dealing between them.

34. Plaintiff suffered losses within the policy period that were compensable under the terms of the Policy, provided timely notice to Defendant of the occurrence giving rise to coverage and demanded payment for the same.

35. Defendant knew that it lacked a reasonable basis for its denial of benefits owed or else acted in reckless disregard as to whether or not a reasonable basis existed for its denial.

36. Defendant failed to perform a reasonable investigation of Plaintiff's claim by, among other things, ignoring information presented by the Plaintiff, ignoring South Dakota law, and failing to review information within its possession.

37. Defendant denied Plaintiff's claim for coverage in violation of the implied covenants of good faith and fair dealing and thereby committed bad faith.

38. In addition to the denial of benefits, Defendant committed bad faith against Plaintiff in the following ways:

    (a) Failing to properly investigate Plaintiff's claims for benefits;
    (b) Ignoring undisputed information regarding Plaintiff's damages;
    (c) Failing to train and instruct its employees on South Dakota law; and
    (d) Ignoring and failing to review information in its possession.

39. Defendant's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to Plaintiff including, but not limited to, out-of-pocket expenses, attorneys' fees, financial distress and emotional distress.

40. Defendant used unfair and deceptive acts and practices in dealing with Plaintiff's claims for coverage through, among other things, its failure to act on the claim, its failure to adhere to reasonable standards regarding the handling and valuation of claims and its failure to reasonably investigate the claims.

41. Defendant's pattern and practice of denying payment of benefits and failing to honor the plain terms of the insurance contract caused substantial damages to the Plaintiff.

42. Defendant's refusal to provide coverage and to honor the plain terms of the insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For Plaintiff's attorneys' fees and costs under SDCL 58-12-3;

(4) For pre-judgment and post-judgment interest; and

(5) For such other and further relief as the Court determines to be just and proper.

Dated this 14th day of October, 2025.

        **JOHNSON, JANKLOW & ABDALLAH, L.L.P.**

        BY  */s/   Erin Schoenbeck Byre*
        Scott A. Abdallah (scott@janklowabdallah.com)
        Erin Schoenbeck Byre (erin@janklowabdallah.com)
        101 South Main Avenue, Suite 100
        Sioux Falls, SD 57104
        (605) 338-4304

        *Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

         */s/   Erin Schoenbeck Byre*
        Erin Schoenbeck Byre

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brittney Schmitz

**DEFENDANTS**
State Farm Mutual Automobile Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Minnehaha (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: McLean (IL)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott Abdallah & Erin Schoenbeck Byre, Johnson Law Firm, 101 South Main Avenue, Suite 100, Sioux Falls, SD 57104 (605-338-4304)

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(b)(2)
Brief description of cause:
Breach of Contract / Bad Faith Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 10/14/2025
SIGNATURE OF ATTORNEY OF RECORD: */s/ Erin Schoenbeck Byre*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.